**WORLDNET TELECOMMUNICATIONS, INC., Plaintiff, Appellee,**

v.

**PUERTO RICO TELEPHONE COMPANY; Telecommunications Regulatory Board of Puerto Rico; Miguel Reyes–Dávila, in his official capacity as member; Vicente Aguirre–Iturrino, in his official capacity as member; Nixyvette Santini–Hernández, in her official capacity as member, Defendants, Appellants.**

**Puerto Rico Telephone Company, Plaintiff, Appellant/Cross– Appellee,**

v.

**Telecommunications Regulatory Board Of Puerto Rico; Miguel Reyes–Dávila, in his official capacity as member; Vicente Aguirre Iturrino, in his official capacity as member; Nixyvette Santini–Hernández, in her official capacity as member, Defendants, Appellees/Cross–Appellants.**

Nos. 06–1563, 06–1564, 06–1565, 06–1566.

United States Court of Appeals, First Circuit.

Entered: July 9, 2007.

Richard Bruce Beckner, A. Enrico Soriano, Fleischman & Walsh, P.C., Washing-

ton, DC, David Konuch, James N. Moskowitz, Lawrence R. Freedman, Francisco Rullan–Molina, Fort Lauderdale, FL, for Plaintiff, Appellee.

Ricardo L. Ortiz–Colon, Luis A. Oliver, Fiddler, Gonzalez & Rodriguez, Alexandra Fernandez Navarro, Eglee W. Perez–Rodriguez, Telecommunications Regulatory Board of PR, San Juan, PR, Joshua Scott Turner, John E. Barry, Jeffrey S. Linder, John W. Kuzin, Wiley Rein LLP, Robert F. Reklaitis, Leslie Paul Machado, Nixon Peabody, Washington, DC, for Defendants, Appellants.

Before BOUDIN, Chief Judge, LIPEZ, Circuit Judge, and SHADUR,* Senior District Judge.

### MEMORANDUM AND ORDER ON REHEARING

The statute, which governs both negotiated and arbitrated agreements, says that an agreement adopted by the parties "shall be submitted for approval to the State commission. A State commission to which an agreement is submitted shall approve or reject the agreement." 47 U.S.C. § 252(e)(1) (2000). Here, the arbitrator's order was adopted and the resulting interconnection agreement was submitted to the Board for approval. The Board initially approved the agreement on May 14, 2004, and then on reconsideration, modified the arbitrated agreement in various respects.

The statute provides that, when reviewing an arbitrated agreement submitted for approval, "[t]he State commission *may only reject*" an agreement or any portion of an agreement on specified grounds. 47 U.S.C. § 252(e)(2) (emphasis added). Neither PRT's petition for rehearing nor the Board's response convincingly explains how this limitation can be avoided. The limitation may have been devised by Congress primarily with negotiated agreements in mind, but the statute governs arbitrated ones as well.

The Board can, of course, avoid this limitation on its authority by acting as the arbitrator itself in the first instance, as some state commissions have done. But when the Board delegates power to an independent arbitrator, as it did in this case, it is limited by section 252(e)(2), whether it decides to accept or reject the resulting agreement. The limitations are not unduly restrictive: an arbitrated agreement under section 252(b) "must be accepted" by the Board "if consistent with sections 251 and 252(d), *unless* the local agency reasonably finds that the arbitrator's solution conflicts with state statutes, agency rules, or considered policy determinations that the agency would follow in matters wholly within its jurisdiction." 497 F.3d 1, 7. We decline to revisit this holding.

PRT's next argument for rehearing relies on section 251(c)(2)(D) as providing a further basis for the Board to reject an arbitrated agreement. That section states that interconnection agreements must be "on rates, terms, and conditions that are just, reasonable, and nondiscriminatory." 47 U.S.C. § 251(c)(2)(D). But the Board did not invoke this section as the basis for rejecting the arbitrator's ruling, which is why it was not discussed in the opinion.

Moreover, if the Board had held that liquidated damages in excess of actual costs were inherently unjust and unreasonable within the meaning of the statute, it would likely have committed legal error. Under the same statutory rubric, several other federal courts have held that, depending upon the circumstances,

---

* Of the Northern District of Illinois, sitting by designation.

such liquidated damages can be just and reasonable in the context of an arbitrated interconnection agreement. 497 F.3d at 6–7 n. 6. This does not, of course, make them mandatory or prevent particular provisions from being unjust and unreasonable.

Indeed, PRT's petition suggests the possibility that the *particular* liquidated damages remedies approved by the arbitrator might be unjust and unreasonable due to circumstances peculiar to *this* case. If so, the Board might well have a rationale for rejecting them, based upon section 251(c)(2)(D). Our statement that sections 251 and 252(d) were not applicable in this case referred only to the case as it was presented to us. 497 F.3d at 6. What the Board may do on remand in line with our panel decision is a different question.

Finally, PRT requests that we supplement the panel decision to clarify the scope of remand. In particular, it requests a clarification that, assuming the Board now chooses to accept liquidated damage provisions, the Board may not impose punitive liquidated damages retroactively. PRT also asks that we direct the Board not to permit WorldNet to introduce new evidence to support its damages proposals.

As to the first issue, PRT's request is premature. The retroactivity issue can be briefed and argued on a new appeal in the event that the Board chooses to impose retroactive damages. As to the second, we made clear in the panel opinion that it is up to the Board whether to reopen the evidentiary record. 497 F.3d at 8. Nothing in the petition persuades us to withdraw this option from the Board, which is not obliged to exercise it.

---

* Defendant Gale A. Norton has been substituted with Dirk Kempthorne. *See* Fed. R.App.

The petition for rehearing is *denied.* We do so in a published order because interpretation of the statute is a matter of continuing importance.